UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA,<br><br>*Plaintiff,*<br><br>v.<br><br>NORFOLK SOUTHERN CORPORATION, NORFOLK SOUTHERN RAILWAY COMPANY, CENTRAL OF GEORGIA RAILROAD COMPANY, THE SOUTH-WESTERN RAIL ROAD COMPANY, GENESEE & WYOMING RAILROAD SERVICES, INC., COLUMBUS & CHATTAHOOCHEE RAILROAD, INC., and GEORGIA SOUTHWESTERN RAILROAD, INC.,<br><br>*Defendants*. | Case No. 4:25-cv-00312-CDL |

**MOTION OF DEFENDANTS TO STAY DISCOVERY
AND INCORPORATED MEMORANDUM OF LAW**

Defendants Norfolk Southern Corporation, Norfolk Southern Railway Company, Central of Georgia Railroad Company and The South Western Rail Road Company (together, "Norfolk Southern") and Genesee & Wyoming Railroad Services, Inc., Columbus & Chattahoochee Railroad, Inc. and Georgia Southwestern Railroad, Inc. (together, "G&W") hereby move the Court to stay discovery, showing the following:

1.

On October 6, 2025, this action was removed from the Superior Court of Muscogee County to the United States District Court for the Middle District of Georgia Columbus Division.

2.

On October 14, 2025, Norfolk Southern filed a motion to dismiss Columbus's complaint pursuant to FRCP 12(b)(6). (Doc. 9). On the same date, G&W likewise filed a motion to dismiss pursuant to FRCP 12(b)(6). (Doc. 10).

3.

The respective motions of Norfolk Southern and G&W to dismiss explain that the claims asserted by Columbus in its complaint are expressly and completely preempted by the ICC Termination Act (ICCTA), 49 USC § 10101 *et seq.*, transforming them into claims under ICCTA, and because Columbus does not and cannot state a plausible claim for relief under ICCTA, this action should be dismissed pursuant to Rule 12(b)(6).

4.

On October 14, 2025, an Order was entered in this action requiring the parties to confer and develop a discovery plan and scheduling order within 30 days and to submit a Proposed Scheduling/Discovery Order pursuant to Rules 16/26 by November 25, 2025. (Doc. 8).

5.

The instructions that accompanied the October 14 Order provide that if a motion to dismiss is pending and discovery is not needed to support or oppose the motion, the Court may stay discovery pending its ruling on the motion. (Doc. 8, p. 1).

6.

Norfolk Southern and G&W respectfully submit that discovery and the submission of a Proposed Scheduling/Discovery Order should be stayed because the completely preemptive effect of ICCTA on the claims asserted by Columbus presents a threshold question for the Court to determine as a matter of law. The only fact relevant to this question is undisputed: As Columbus's

own complaint alleges, Norfolk Southern uses the Columbus Yard for rail transportation purposes, including "temporary parking of empty train cars, temporary storage of train cars containing goods, and passage of through traffic which neither originates or terminates in Columbus." Compl., ¶¶31, 42 (Doc. 1-2, pp. 9, 12).  That suffices to prove that the Yard is part of the national rail network, under the exclusive jurisdiction of the federal Surface Transportation Board over the "construction, acquisition, operation, abandonment, or discontinuance" of those tracks and facilities.  *See* 49 U.S.C. § 10501(b).

7.

Under these circumstances, a stay is proper.  "Dispositive motions that present purely legal questions—such as a motion to dismiss for failure to state a claim—should be resolved before discovery."  *Olufemi v. Exclusive Ass'n Mgmt.*, No. 23-10752, 2024 WL 710547, at *1 (11th Cir. Feb. 21, 2024).  "Discovery imposes high costs on the court and on litigants in time and resources, and thus, any claim that is not viable should be dismissed before discovery whenever possible." *Id.*  "When there is a pending motion that presents a purely legal question and is likely to be dispositive, a district court may stay discovery pending the resolution of the motion."  *Id.*  Such a stay is especially appropriate if the defendants' arguments "involve facial challenges to the legal sufficiency of all of Plaintiffs' claims, which if granted would either entirely dispose of Plaintiffs' claims and 'entirely eliminate the need for such discovery' or, at a minimum, limit the scope and breadth of discovery going forward."  *Sumter Elec. Membership Corp. v. Forestall Co. Inc.*, No. 1:19-cv-88 (LAG), 2019 WL 13099201, at *2 (M.D. Ga. Oct. 23, 2019).  That is the case here:  As the motions to dismiss explain, Columbus's claims are facially and completely preempted; such relief can be secured, if at all, only from the Surface Transportation Board.  It does not make sense to burden the parties or the Court with any discovery until that threshold issue is resolved, and

Columbus will suffer no prejudice from a stay pending resolution of the motions to dismiss. *See id.*

8.

Norfolk Southern and G&W show the Court that a request was made to Columbus to join in on a consent motion of all parties to stay discovery, but Columbus declined the request.

9.

For the reasons stated herein, Norfolk Southern and G&W respectfully request that discovery in this action be stayed pending the Court's resolution of their respective motions to dismiss pursuant to FRCP 12(b)(6)

This 28th day of October, 2025.

                                                              */s/ J. Steven Stewart*
                                                              J. Steven Stewart
                                                              Ga. Bar No. 681550
                                                              Lee M. Gillis, Jr.
                                                              Ga. Bar No. 217515

HALL, BLOCH, GARLAND & MEYER, LLP
P.O. Box 5088
Macon, Georgia 31208-5088
(478) 745-1625
stevestewart@hbgm.com
leegillis@hbgm.com

                                                              */s/ Tobias Loss-Eaton*
                                                              Tobias Loss-Eaton
                                                              *Lead Counsel*
                                                              (admitted *pro hac vice*)

SIDLEY AUSTIN LLP
1501 K Street NW                                     *Counsel for Defendants Norfolk Southern*
Washington, DC 20005                       *Corporation, Norfolk Southern Railway*
(202) 376-8427                                        *Company, Central of Georgia Railroad*
tlosseaton@sidley.com                       *Company and The South Western Rail Road*
                                                              *Company*

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

|  |  |
|---|---|
| | */s/ Eric L. Leach* |
| | Eric L. Leach |
| | Ga. Bar No. 442213 |
| | Jeffery C. Close |
| | (*pro hac vice* pending) |
| MILTON, LEACH, WHITMAN, D'ANDREA, ESLINGER, COLLINS & CLOSE, P.A. | |
| 3127 Atlantic Blvd. | *Counsel for Defendants Genesee &* |
| Jacksonville, Florida 32207 | *Wyoming Railroad Services, Inc.,* |
| (904) 346-3800 | *Columbus & Chattahoochee* |
| eleach@miltonleach.com | *Railroad, Inc. and Georgia* |
| jclose@miltonleach.com | *Southwestern Railroad, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that ***Motion of Defendants to Stay Discovery and Incorporated Memorandum of Law*** has been served upon all counsel of record for the parties in this action via electronic mail addressed as follows:

James C. Clark, Jr.
Thomas F. Gristina
Jack P. Schley
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
P.O. Box 1199
Columbus, GA 31902
jclark@pagescrantom.com
tgristina@pagescrantom.com
jschley@pagescrantom.com

Clifton C. Fay
Lucy T. Sheftall
P.O. Box 1340
Columbus, GA 31902
cfay@columbusga.org
lsheftall@columbusga.org
*Counsel for Plaintiff Consolidated Government of Columbus, Georgia*

Eric L. Leach
Jeffrey C. Close
Milton, Leach, Whitman, D'Andrea, Eslinger, Collins & Close, P.A.
3127 Atlantic Blvd.
Jacksonville, FL 32207
eleach@miltonleach.com
jclose@miltonleach.com
*Counsel for Defendants Genesee & Wyoming Railroad Services, Inc., Columbus & Chattahoochee Railroad, Inc., and Georgia Southwestern Railroad, Inc.*

This 28th day of October, 2025.

/s/ J. Steven Stewart
J. STEVEN STEWART