IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Case No.: 4:25-cv-00312-CDL |
| NORFOLK SOUTHERN CORP., NORFOLK SOUTHERN RAILWAY COMPANY, CENTRAL OF GEORGIA RAILROAD COMPANY, THE SOUTH-WESTERN RAIL ROAD COMPANY, GENESEE & WYOMING RAILROAD SERVICES, INC., COLUMBUS & CHATTAHOOCHEE RAILROAD, INC., and GEORGIA SOUTHWESTERN RAILROAD, INC., | * * * * * * * * * * | |
| Defendants. | * | |

## COLUMBUS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

Plaintiff Consolidated Government of Columbus, Georgia ("Columbus"), by and through counsel, hereby responds in opposition to Motion of Defendants[1] to Stay Discovery [ECF No. 13] (hereinafter "Motion to Stay"):

-- INTRODUCTION --

Columbus pursues claims arising from voluntary agreements between itself and the Railroads concerning real property in historic downtown Columbus, Georgia. Pursuant to those agreements and the conduct of the Railroads, title to the real property reverted to Columbus but the Railroads refuse to honor the terms of the agreements. Because this case concerns breach-of-

---

[1] All defendants are collectively referred to as "Railroads."

voluntary-agreement claims between nondiverse parties, the case properly belongs in the Superior Court of Muscogee County, Georgia, where it was first filed.

The present issue before the Court is whether Columbus' claims have been completely preempted by federal law. To resolve this issue, the Court must analyze whether it has federal-question jurisdiction over this case. The Railroads rely on extrinsic evidence—a declaration from Norfolk Southern employee Scott Plum—to argue in favor of complete preemption. To the extent the Court considers that testimony at this early stage in the litigation to resolve the issue of preemption, Columbus should have an opportunity to rebut that testimony, therefore, the Motion to Stay should be denied and discovery should proceed. In the alternative, due to authority favoring remand in cases like this one of doubtful federal jurisdiction, the case should be remanded and the Motion to Stay should be denied as moot.

## -- PROCEDURAL & FACTUAL HISTORY --

Columbus initiated this lawsuit in the Superior Court of Muscogee County, Georgia, alleging the Railroads are improperly in possession of real property belonging to Columbus pursuant to voluntary agreements between the parties. [Compl. (ECF No. 1-2) at ¶¶ 54-55, 78-87]. The cited authority for recovery under the terms of those voluntary agreements is Georgia law. [*Id.* at ¶¶ 88-125]. The Railroads removed on the basis of federal-question jurisdiction arguing all of Columbus' "claims are expressly and completely preempted by the ICC Termination Act (ICCTA), 49 U.S.C. § 10101 *et seq.*" [Notice (ECF No. 1) at ¶ 3]. In the Notice of Removal, the Railroads included a declaration of Scott Plum who testified that the property at issue is "a critical element of the Norfolk Southern rail network …." [Plum Dec. (ECF No. 1-5) at ¶ 4]. The Railroads rely on Plum's testimony to argue the property is "part of the national rail network." [Notice (ECF No. 1) at ¶¶ 2-3, 21-22].

After removal, the Railroads moved to dismiss [Motions (ECF Nos. 9 and 10)], arguing Columbus fails to state a claim because Columbus' case is completely preempted by the ICCTA. [Brief (ECF Nos. 9-1) *generally*; (ECF No. 10) at ¶¶ 1-2]. The Railroads also try to support their motions to dismiss with citations to Plum's declaration. [ECF No. 9-1, at pp. 8-11]. Specifically, the Railroads rely on Plum's testimony to argue that "the property Columbus seeks to take is a key part of Norfolk Southern's system." [*Id.* at p. 9]. The Railroads' latest filing is their Motion to Stay (ECF No. 13). Again, the Railroads assert that the property at issue "is part of the national rail network ...." [Motion (ECF No. 13) at ¶ 6].

## -- LEGAL ARGUMENT --

The Railroads moved to dismiss based on the pleadings while simultaneously citing to evidence outside the pleadings—Plum's declaration—to argue that the property at issue is an important part of the national rail system. *See* [ECF Nos. 9-1, at pp. 8-11; 10, at ¶¶ 1-2]. Columbus denies that assertion, but it is irrelevant to the jurisdictional question before the Court. The issue of complete preemption may be resolved regardless of Plum's testimony because Columbus expressly bases its claims upon voluntary agreements with the Railroads.

As asserted by Columbus in response to the Railroads' motions to dismiss, voluntary agreements are not preempted by federal law and the Railroads have failed to meet their burdens to show this Court has federal jurisdiction over this case. *See* Columbus' Response in Opposition to Defendants' Motion to Dismiss, which is being concurrently filed herewith, *citing Schleider v. GVDB Operations, LLC*, 121 F.4th 149 (11th Cir. 2024); *PCS Phosphate Co., Inc. v. Norfolk Southern Corp.*, 559 F.3d 212 (4th Cir. 2009); *Fla. East Coast Ry. Co. v. City of West Palm Beach*, 266 F.3d 1324 (11th Cir. 2001); and *Union Pacific R.R. Co. v. Chicago Transit Auth.*, 647 F.3d 675 (7th Cir. 2011). If federal jurisdiction is in doubt, the Eleventh Circuit favors remand. *See Burns v.*

*Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("...removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand"). Accordingly, this case should be remanded back to the Superior Court of Muscogee County, Georgia, where the case may proceed through discovery.

Nevertheless, if the Court is inclined to consider the Plum declaration, Columbus opposes a stay of discovery so that it can conduct discovery regarding—and therefore be given a fair opportunity to rebut—Plum's assertions.[2] Specifically, the following materials (without limitation) would help illuminate the facts relevant to the Court's jurisdiction under the Railroads' complete preemption arguments: (i) original records of the grantee railroad entities named in the city council resolutions cited in the Complaint, (ii) all records of the Railroads acknowledging Columbus' reversion interests in the real property at issue, (iii) all records of the Railroads documenting the creation of the depots, (iv) all records of the Railroads documenting the closure of the depots, (v) the current functions of the real property, (vi) any future functions the Railroads have planned and budgeted for the real property, (vii) the current users of the real property, and (viii) other assets of the Railroads which may be available substitutes for the real property at issue. The best source for this material is the defendant Railroads; therefore, discovery is needed in order to provide this information to the Court.

---

[2] "Complete preemption … is rare." *Schleider*, 121 F.4th at 160. "'[I]t is a narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims.'" *Id.* quoting *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1353 (11th Cir. 2003). However, a court may consider extrinsic evidence on this jurisdictional issue. *Id.* ("[t]o determine whether a state-law cause of action is completely preempted, we 'look beyond the complaint to determine if the suit is, in reality, "purely a creature of federal law,"' such that the plaintiff's claim 'creates the federal question jurisdiction requisite to the removal to federal court'").

## -- CONCLUSION --

For the foregoing reasons, the Railroads' Motion to Stay should be denied and discovery should proceed in the event this case is not remanded to state court.

This 18th day of November, 2025.

                                          PAGE, SCRANTOM, SPROUSE,
                                          TUCKER & FORD, P.C.

                                          By: */s/ Jack P. Schley*
                                                James C. Clark, Jr.
                                                Ga. Bar No. 127145

1111 Bay Avenue, Third Floor    (Office)    Thomas F. Gristina
P.O. Box 1199                           (Mailing)   Ga. Bar No. 452454
Columbus, Georgia 31902                       Jack P. Schley
(706) 324-0251                                      Ga. Bar No. 891829
jclark@pagescrantom.com
tgristina@pagescrantom.com
jschley@pagescrantom.com

                                          By: */s/ Clifton C. Fay*
                                                Clifton C. Fay
                                                Ga. Bar No. 256460
P.O. Box 1340                                           Lucy T. Sheftall
Columbus, Georgia 31902                       Ga. Bar No. 639813
cfay@columbusga.org
lsheftall@columbusga.org

                                          *Counsel for Plaintiff Consolidated Government of*
                                          *Columbus, Georgia*

## **CERTIFICATE OF SERVICE**

I do hereby certify that I am counsel for Plaintiff and that on this date I filed the foregoing document using the ECF system, which will automatically send notification of such filing to all counsel of record.

This 18th day of November, 2025.

<u>/s/ Jack P. Schley</u>
Counsel for Plaintiff