UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA,<br><br>*Plaintiff,*<br><br>v.<br><br>NORFOLK SOUTHERN CORPORATION, *et al.*,<br><br>*Defendants*. | Case No. 4:25-cv-312-CDL |

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION TO STAY DISCOVERY**

The Court should stay discovery because the parties have now joined issue on whether the Court has jurisdiction, with neither party seeking any jurisdictional discovery nor disputing any material facts. There is thus no reason to spend resources on any jurisdictional discovery until the Court has addressed the pending motions. Such a ruling will dictate whether this case proceeds in this Court at all and, if so, what issues remain in dispute (if any). If necessary, the parties can then conduct targeted discovery on any issues the Court identifies as significant. Conducting any discovery in the meantime would be inefficient and wasteful.

1. The time has passed for Columbus to seek discovery or raise factual disputes material to resolving the pending motions to dismiss.

Columbus's complaint seeks to eject the railroads from an active railyard based on the City's asserted state-law reversionary interest in the property. Norfolk Southern removed this case to this Court and then moved to dismiss Columbus's claims as completely preempted under the ICC Termination Act (ICCTA), and the G&W Defendants moved to dismiss on similar grounds.

*See* Docs. 1, 9-1, 10.  In response, Columbus has opposed dismissal, arguing that ICCTA does not completely preempt its claims because (i) this case allegedly involves voluntary agreements, which are not preempted, and (ii) "the Railroads cannot identify any federal cause of action under which Columbus could have initially brought its claim."  *See* Doc. 15 at 7.  Columbus thus contends that this case does not belong in federal court at all and "should be remanded to state court."  *See id.* at 19.

These arguments do not turn on any asserted factual disputes.  In opposing dismissal, Columbus has not sought any jurisdictional discovery.  Nor has it identified any facts material to complete preemption that are disputed by the parties.  Columbus's opposition papers include no declarations or exhibits.  *Cf.* Local Rule 7.2.  In short, Columbus has taken the factual record as it stands.  The Court should thus resolve the motions on that basis.

To be sure, Columbus's opposition papers identify certain factual issues on which it *might* want jurisdictional discovery later—if the Court rejects its other arguments.  *See* Doc. 15 at 17; Doc. 16 at 4.  But that is not how litigation works.  The jurisdictional issue is teed up now, and Columbus had its chance to respond.  A party opposing a motion cannot hold arguments in reserve in case the Court rejects its other positions.  "A party's failure to present his strongest case in the first instance does not entitle him to a second chance," *In re McFarland*, No. 11-10218, 2016 WL 953147, at *6 (Bankr. S.D. Ga. Mar. 7, 2016), *aff'd,* 557 B.R. 256 (S.D. Ga. 2016), so a "party who aspires to oppose a motion must spell out his arguments squarely and distinctly, or else forever hold his peace," *Thomas v. Rockdale Cnty.*, No. 1:19-cv-2430, 2020 WL 10227322, at *21 (N.D. Ga. Apr. 23, 2020) (cleaned up), *R&R adopted*, 2020 WL 10227471 (July 15, 2020).

In any event, Columbus's arguments suggest only that it may need discovery "if the Court is inclined to consider" certain issues.  Doc. 16 at 4; *accord* Doc. 15 at 17.  Until the Court addresses the pending motions, it remains unclear whether the Court is so inclined, whether the Court will view those issues as involving disputed or unclear facts, or whether other issues suffice to resolve the jurisdictional issue entirely (as Columbus itself contends).  So, at best, Columbus's arguments would support targeted jurisdictional discovery *after* the Court rules, to the extent the Court finds it helpful.  Defendants of course have no objection to that outcome—but that does not suggest Columbus should be allowed to pursue discovery now, before the Court can consider these issues.

2. Timing aside, none of Columbus's potential fact issues are actually "relevant to the Court's jurisdiction under the Railroads' complete preemption arguments."  *Contra* Doc. 16 at 4.  Those issues fall into three buckets.

First, Columbus says it may need "(i) original records of the grantee railroad entities named in the city council resolutions cited in the Complaint, [and] (ii) all records of the Railroads acknowledging Columbus' reversion interests in the real property at issue."  *Id.* at 4.  But as Norfolk Southern's reply brief will detail, the terms of the original grants—whether viewed as "voluntary agreements" or not—are irrelevant to ICCTA preemption.  Whatever the original grantee railroads said in the Nineteenth Century, a local government cannot, in the Twenty-First Century, use state property law to oust an interstate railroad from property it currently uses for railroad operations.  *See Wichita Terminal Ass'n—Pet. for Decl. Order*, No. FD 35765, 2015 WL 3875937, at *7 (S.T.B. served June 23, 2015) (finding preemption without regard to whether local ordinance was a "voluntary agreement" because it would impair the railroad's ability to use its existing facilities).  These materials are thus irrelevant.

3

Second, Columbus suggests that it may want "(iii) all records of the Railroads documenting the creation of the [passenger] depots [on the property at issue], (iv) all records of the Railroads documenting the closure of the depots." *Id.* But it is undisputed that there were passenger depots on the property in the past and there are none now. On Columbus's view, that suffices to trigger reversion, and on Norfolk Southern's view, it is irrelevant to preemption because the property is currently used for freight operations. So this information does not bear on the Court's jurisdiction.

Third, Columbus gestures to "(v) the current functions of the real property, (vi) any future functions the Railroads have planned and budgeted for the real property, (vii) the current users of the real property, and (viii) other assets of the Railroads which may be available substitutes for the real property at issue." *Id.* But the Columbus Yard's current functions are addressed in the undisputed record evidence, namely Mr. Plum's declaration. *See* Doc. 1–5 ¶¶ 3–8. Columbus does not suggest that any of Mr. Plum's sworn testimony about the Yard is inaccurate. Rather, Columbus *agrees* that Norfolk Southern uses the Yard at least "for temporary parking of empty train cars, temporary storage of train cars containing goods, and passage of through traffic." Compl. ¶¶ 31, 42, 52, 76. These uses all qualify as "transportation" under ICCTA, which Columbus nowhere disputes. *See* Doc. 9-1 at 6. In light of these current uses, any additional "future functions" are irrelevant. *See id.* at 8–9. As for "current users," the undisputed evidence makes clear that Norfolk Southern currently uses the property, which establishes that the Yard constitutes "transportation by rail carrier" under ICCTA. *See* 49 U.S.C. § 10501(a)(1). And in looking for "available substitutes" for the railyard, Columbus errs badly. ICCTA preemption does not ask whether the railroad could make do with some other land or facility; the statute categorically forecloses attempts to take property that a railroad uses for its operations. See Doc. 9-1 at 7–8.

4

3. Finally, even on Columbus's view, non-jurisdictional discovery is unwarranted. Columbus's opposition to the stay motion suggests only that it may need discovery on the specific topics listed above, which are supposedly relevant to jurisdiction. There is thus no basis to declare open season on any and all discovery, jurisdictional or otherwise.

## CONCLUSION

For these reasons, the Court should stay all discovery until the motions to dismiss are resolved.

November 25, 2025

ERIC L. LEACH
Georgia Bar No. 442213
JEFFERY C. CLOSE
FL Bar No. 0043560 *(pro hac vice pending)*
Milton, Leach, Whitman, D'Andrea,
Eslinger, Collins & Close, P.A.
3127 Atlantic Blvd.
Jacksonville, FL 32207
Telephone: (904) 346-3800
eleach@miltonleach.com
jclose@miltonleach.com

*Counsel for Defendants Genesee & Wyoming Railroad Services, Inc., Columbus & Chattahoochee Railroad, Inc., and Georgia Southwestern Railroad, Inc.*

Respectfully submitted,

/s/ J. Steven Stewart
J. STEVEN STEWART
Georgia Bar No. 681550
Hall, Bloch, Garland & Meyer, LLP
Post Office Box 5088
Macon, Georgia 31208-5088
(478) 745-1625
stevestewart@hbgm.com

TOBIAS S. LOSS-EATON
  *Lead Counsel*
(*pro hac vice*)
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005
(202) 376-8427
tlosseaton@sidley.com

*Counsel for Defendants Norfolk Southern Corporation, Norfolk Southern Railway Company, Central of Georgia Railroad Company, and The South Western Rail Road Company*

## CERTIFICATE OF SERVICE

I hereby certify that ***Defendants' Reply in Support of Their Motion to Stay Discovery*** has been served upon all counsel of record for the parties in this action via electronic mail addressed as follows:

James C. Clark, Jr.
Thomas F. Gristina
Jack P. Schley
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
P.O. Box 1199
Columbus, GA 31902
jclark@pagescrantom.com
tgristina@pagescrantom.com
jschley@pagescrantom.com

Clifton C. Fay
Lucy T. Sheftall
P.O. Box 1340
Columbus, GA 31902
cfay@columbusga.org
lsheftall@columbusga.org
*Counsel for Plaintiff Consolidated Government of Columbus, Georgia*

Eric L. Leach
Jeffrey C. Close
Milton, Leach, Whitman, D'Andrea, Eslinger, Collins & Close, P.A.
3127 Atlantic Blvd.
Jacksonville, FL 32207
eleach@miltonleach.com
jclose@miltonleach.com
*Counsel for Defendants Genesee & Wyoming Railroad Services, Inc., Columbus & Chattahoochee Railroad, Inc., and Georgia Southwestern Railroad, Inc.*

This 25th day of November, 2025.

/s/ J. Steven Stewart
J. STEVEN STEWART