IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Case No.: 4:25-cv-00312-CDL |
| NORFOLK SOUTHERN CORP., NORFOLK SOUTHERN RAILWAY COMPANY, CENTRAL OF GEORGIA RAILROAD COMPANY, THE SOUTH-WESTERN RAIL ROAD COMPANY, GENESEE & WYOMING RAILROAD SERVICES, INC., COLUMBUS & CHATTAHOOCHEE RAILROAD, INC., and GEORGIA SOUTHWESTERN RAILROAD, INC., | * * * * * * * * * * | |
| Defendants. | * | |

## COLUMBUS' MOTION FOR LEAVE TO FILE SURREPLY

Plaintiff Consolidated Government of Columbus, Georgia ("Columbus"), by and through counsel, hereby moves the Court for permission to file a surreply to the pending motions to dismiss [ECF Nos. 9 and 10] pursuant to Local Rule 7.3.1(C). A surreply is necessary for Columbus to respond to new arguments raised by defendants for the first time in their responses [ECF Nos. 21 and 23], and such a reply would conform to the 10-page limit specified in Local Rule 7.4.

In their initial brief, the Railroads argued only that Columbus' state law claims were completely preempted based on *expressed* preemption. *See generally* [ECF Nos. 9-1 and 10]; *see also* [ECF No. 13 at ¶ 3 (Railroad characterizing its own argument as "the claims asserted by Columbus ... are expressly and completely preempted by the ICC Termination Act (ICCTA) [citation omitted] ...")  Columbus responded by asserting that express preemption through the ICCTA applies only to regulations, not voluntary agreements like those alleged by Columbus in

the Complaint. *See generally* [ECF No. 15]. The Railroads' initial brief lacks any arguments regarding "unreasonable interference" or implied preemption. *See generally* [ECF Nos. 9-1 and 10].

In their reply, the Railroads' lead argument for preemption under the ICCTA is now that Columbus' claims are preempted because the requested remedy of ejectment would "unreasonably burden railroad operations," and relies on different authority than previously cited in its initial brief. *See* [ECF No. 21] at pp. 6-10 *citing Blanchard Sec. Co. v. Rahway Valley R.R.*, 191 F. App'x 98, 100 (3rd Cir. 2006) *and Wichita Terminal Ass'n—Pet. for Decl. Order*, No. FD 35765, 2015 WL 3875937, at *7 (S.T.B. June 23, 2015). Whether an action constitutes an "unreasonable interreference with rail transportation" is the "generally accepted test of ICCTA *implied* or conflict preemption …." *PCS Phosphate Co., Inc. v. Norfolk Southern Corp.*, 559 F.3d 212, 220-21 (4th Cir. 2009) (emphasis added); *Franks Inv. Co. LLC v. Union Pacific R. Co.*, 593 F.3d 404, 413-14, n. 6 (5th Cir. 2010) (en banc) (recognizing "unreasonable interference" test for implied preemption and collecting circuit cases for the same).

The Railroads did <u>not</u> raise implied preemption in their initial briefs [ECF Nos. 9-1 and 10] or in their notice of removal [ECF No. 1]. Therefore, all of the Railroads' arguments for implied preemption based on unreasonable interference, as asserted in their replies [ECF Nos. 21 and 23], are "too late" and should not be considered by the Court. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682-83 (11th Cir. 2014) *citing Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008); *see also Blevins-Ellington v. CooperSurgical, Inc.*, No. 1:22-cv-00197-LMM, 2023 WL 2111346, at *15 (N.D. Ga. Jan. 17, 2023) (the district court refused to consider an implied preemption argument raised for the first time in a reply in support of a motion to dismiss) *citing In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009).

Furthermore, Columbus rejects that implied preemption based on unreasonable interference applies here, and respectfully requests leave to file a reply to this new argument by the Railroads. A surreply would assist the Court in resolving the following, dispositive issues:

- Whether, in providing property for rail services, Columbus was acting in its proprietary capacity as landowner rather than its regulatory capacity as sovereign, thus shielding enforcement of the reversionary clauses from implied preemption under the market participant doctrine. *See Bldg. and Constr. Trades Council of Metro. Dist. v. Associated Builders and Contractors of MA/RI, Inc.*, 507 U.S. 218, 227 (1993); *see also Cal. High-Speed Rail Auth.—Pet. for Decl. Order*, No. FD 35861, 2014 WL 7149612, at *10 (S.T.B. Dec. 12, 2014) ("[T]he market participation doctrine shields state action from federal [ICCTA] preemption where the state's action is proprietary in nature and not regulatory – i.e., the state is acting as a participant in the marketplace and not as a regulator").

- Whether, given Congress' express limiting of preemption in the ICCTA to "regulations," Congress intended the Act to also preempt voluntary agreements. *See Lawson-Ross v. Great Lakes Higher Educ. Corp.*, 955 F.3d 908, 920 (11th Cir. 2020) ("When Congress has explicitly addressed preemption in a statute, an implication arises that it did not intend to preempt other areas of state law").

- Whether the remedy sought and available under Georgia state law, which the Railroad fundamentally misunderstands, would unreasonably interfere with rail transport as both a legal and factual matter, and whether the issue is appropriate for resolution on a motion to dismiss. *See 2145 Avocado Land Tr. v. Fla. E. Coast Ry., LLC*, No. 6:24-cv-1691-PGB-RMN, 2025 WL 2369500, at *5 (M.D. Fla. Aug. 14,

2025) ("determining whether the ICCTA impliedly preempts Plaintiffs' trespass claim is a fact-based assessment that is inappropriate at this stage of the case [on a motion to dismiss]") *citing Franks*, 593 F.3d at 413-15.

In sum, Columbus believes it has strong arguments for why its claims are not impliedly preempted under the unreasonable-interference test. Columbus did not present these arguments in its response only because the Railroads' initial brief did not contain any *implied* preemption argument, based on "unreasonable interference" or otherwise. For the above reasons, Columbus believes a surreply is warranted, and respectfully requests leave to file such pursuant to Local Rule 7.3.1(C).

This 19th day of December, 2025.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By: */s/ Jack P. Schley*
James C. Clark, Jr.
Ga. Bar No. 127145
Thomas F. Gristina
Ga. Bar No. 452454
Jack P. Schley
Ga. Bar No. 891829

1111 Bay Avenue, Third Floor (Office)
P.O. Box 1199 (Mailing)
Columbus, Georgia 31902
(706) 324-0251
jclark@pagescrantom.com
tgristina@pagescrantom.com
jschley@pagescrantom.com

By: */s/ Clifton C. Fay*
Clifton C. Fay
Ga. Bar No. 256460
Lucy T. Sheftall
Ga. Bar No. 639813

P.O. Box 1340
Columbus, Georgia 31902
cfay@columbusga.org
lsheftall@columbusga.org

*Counsel for Plaintiff Consolidated Government of Columbus, Georgia*

## CERTIFICATE OF SERVICE

I do hereby certify that I am counsel for Plaintiff and that on this date I filed the foregoing document using the ECF system, which will automatically send notification of such filing to all counsel of record.

This 19th day of December, 2025.

*/s/ Jack P. Schley*
Counsel for Plaintiff
