

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA  •  ASIA PACIFIC  •  EUROPE

TLOSSEATON@SIDLEY.COM
+1 202 736 8427

January 6, 2026

**By ECF**

The Honorable Clay D. Land
United States District Judge
Post Office Box 2017
Columbus, Georgia 31902

  Re: *Consol. Gov't of Columbus v. Norfolk S. Corp.*, No. 4:25-cv-312

Dear Judge Land:

  On behalf of the Norfolk Southern defendants, I write in regards to plaintiff Columbus's sur-reply, Doc. 32. The sur-reply underscores the need for a hearing on the pending motions to dismiss.

  Columbus's sur-reply raises multiple novel arguments—some new to this case, and some that no court has ever considered. Indeed, Columbus's sur-reply is the only filing by any party to address (i) whether Columbus can avoid ICCTA preemption by seeking to oust Norfolk Southern from *most* of the railyard instead of the entire yard; (ii) whether ICCTA preemption of state property law contains a previously-unnoticed exception for property that a railroad could supposedly reclaim through condemnation (assuming that public land is condemnable at all); (iii) whether, contrary to every court to consider the question, ICCTA never preempts voluntary agreements; (iv) whether Columbus's claims invoking generally applicable state property law escape preemption under the "market participant" doctrine, and (v) whether, as the STB and countless courts have supposedly overlooked, ICCTA cannot preempt state-law property claims because it would cause a Fifth Amendment taking. Yet despite injecting multiple new issues, Columbus does *not* address the reply's explanation that Columbus's claims do not involve voluntary agreements to begin with—a crucial premise underlying its arguments. *See* Doc. 21 at 5–6.

  Just as the Court granted Columbus's request to file a sur-reply to ensure a complete presentation of the issues, it should now grant Norfolk Southern's pending (and unopposed) motion for a hearing, Doc. 22. Columbus's new arguments should not go unanswered; rather, a full presentation of the issues should include Norfolk Southern's opportunity to explain all the problems with those arguments.



Page 2

Respectfully submitted,

Tobias S. Loss-Eaton

cc:  Counsel of record via ECF