IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA, | * * * |
| Plaintiff, | * * |
| v. | *    Case No.: 4:25-cv-00312-CDL * |
| NORFOLK SOUTHERN CORP., NORFOLK SOUTHERN RAILWAY COMPANY, CENTRAL OF GEORGIA RAILROAD COMPANY, THE SOUTH-WESTERN RAIL ROAD COMPANY, GENESEE & WYOMING RAILROAD SERVICES, INC., COLUMBUS & CHATTAHOOCHEE RAILROAD, INC., and GEORGIA SOUTHWESTERN RAILROAD, INC., | * * * * * * * * * * * |
| Defendants. | * |

## COLUMBUS' MOTION FOR REMAND TO STATE COURT

Plaintiff Consolidated Government of Columbus, Georgia ("Columbus"), by and through counsel, hereby moves the Court, pursuant to 28 U.S.C. § 1447(c), to remand this case back to the Superior Court of Muscogee County, Georgia, where it was originally filed. In support of its motion, Columbus shows the Court, as follows:

1. Columbus previously requested remand of this case to state court in its responsive filings opposing the Defendants' motions to dismiss. *See* Response (ECF No. 15) at pp. 5, 19; *see also* Surreply (ECF No. 32) at pp. 2, 4, 10. Out of an abundance of caution and following the hearing on February 25, 2026, Columbus hereby moves the Court to remand this case to the Superior Court of Muscogee County, Georgia.

2. In support of this motion, Columbus incorporates here by this reference its arguments against dismissal as expressed in its Response (ECF No. 15) and Surreply (ECF No. 32).

3. Defendants removed the case to this Court asserting complete preemption of Columbus' claims under the ICC Termination Act ("ICCTA"), 49 U.S.C. § 10101 *et. seq*. *See* Notice (ECF No. 1) at ¶ 3. Complete preemption is "a rare … jurisdictional doctrine" which may create a federal question giving rise to federal question jurisdiction. *Ammedie v. Sallie Mae*, 485 F. App'x 399, 401 (11th Cir. 2012); *see also Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1280-81 (11th Cir. 2005) (complete preemption is a doctrine under federal question jurisdiction and courts must raise subject matter jurisdiction issues *sua sponte*); *Schleider v. GVDB Operations*, 121 F.4th 149, 160 (11th Cir. 2024) (complete preemption is a rare, "narrowly drawn jurisdictional rule for assessing federal removal jurisdiction …") (citation omitted).

4. Pursuant to 28 U.S.C. § 1447(c), a motion is required before the Court may remand a case for procedural defects in the removal; however, the Court is required to "remand a case *sua sponte* when it finds that it lacks subject matter jurisdiction." *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1320-21 (11th Cir. 2001) *citing Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995); *see also Taylor v. Phillips*, 442 F. App'x 441, 443 at n. 3 (11th Cir. 2011) (affirming district court's *sua sponte* remand order based on lack of jurisdiction). Therefore, remand by granting this motion or *sua sponte* is appropriate in this case.

5. Preemption under the ICCTA is "narrowly tailored" to displace economic regulations of railroads created by state law, "while permitting the continued application of laws having a more remote or incidental effect on rail transportation." *See. Fla. East Coast Ry. Co. v. City of West Palm Beach*, 266 F.3d 1324, 1330-31, 1337-39 (11th Cir. 2001). An analysis of

jurisdiction based on complete preemption begins "with the basic assumption that Congress did not intend to displace state law." *Id.* at 1327 (citation omitted). The Defendant Railroads in this case bear "the burden of proving proper federal jurisdiction, and remand is favored when jurisdiction is an issue. *See Schleider*, 121 F.4th at 155; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

6. As asserted by Columbus in its Response (ECF No. 15) and Surreply (ECF No. 32), this Court lacks jurisdiction in this case because the doctrine of complete preemption does not apply when a claim arises from an independent legal duty separate and apart from any available cause of action under federal law. *See Schleider*, 121 F.4th at 160; *see also Caterpillar v. Williams*, 482 U.S. 386, 393-94 (1987). This U.S. Supreme Court and Eleventh Circuit rule for complete preemption is consistent with other circuit court rulings finding no preemption under the ICCTA when the case arises from voluntary agreements; like those alleged by Columbus in this case (*see* Complt. (ECF No. 1-2) at ¶ 84 and Ex. A; *see also PCS Phosphate Co., Inc. v. Norfolk Southern Corp.*, 559 F.3d 212 (4th Cir. 2009); *see also Union Pacific Railroad Co. v. Chicago Transit Authority*, 647 F.3d 675 (7th Cir. 2011). Therefore, the ICCTA does not preempt the voluntary agreements between the parties, which provide the independent legal basis for Columbus' claims in this case, and this Court lacks federal question jurisdiction.

For the foregoing reasons, the Defendants have not carried their burden of proving federal removal jurisdiction in this case, and the Court should remand this action to the Superior Court of Muscogee County, Georgia.[1]

[SIGNATURE PAGE FOLLOWS]

---

[1] Columbus intends to respond separately to the letter (ECF No. 40) filed by the Norfolk Southern Defendants no later than March 13, 2026.

This 5th day of March, 2026.

                        PAGE, SCRANTOM, SPROUSE,
                        TUCKER & FORD, P.C.

                        By: */s/ Jack P. Schley*
                              James C. Clark, Jr.
                              Ga. Bar No. 127145

1111 Bay Avenue, Third Floor   (Office)   Thomas F. Gristina
P.O. Box 1199                         (Mailing)  Ga. Bar No. 452454
Columbus, Georgia 31902                  Jack P. Schley
(706) 324-0251                                 Ga. Bar No. 891829
jclark@pagescrantom.com
tgristina@pagescrantom.com
jschley@pagescrantom.com

                        By: */s/ Clifton C. Fay*
                              Clifton C. Fay
                              Ga. Bar No. 256460
P.O. Box 1340                                  Lucy T. Sheftall
Columbus, Georgia 31902                  Ga. Bar No. 639813
cfay@columbusga.org
lsheftall@columbusga.org

                        *Counsel for Plaintiff Consolidated Government of Columbus, Georgia*

## **CERTIFICATE OF SERVICE**

I do hereby certify that I am counsel for Plaintiff and that on this date I filed the foregoing document using the ECF system, which will automatically send notification of such filing to all counsel of record.

This 5th day of March, 2026.

*/s/ Jack P. Schley*
Counsel for Plaintiff
