

**PageScrantom**

Page, Scrantom, Sprouse, Tucker & Ford, p.c.

JACK P. SCHLEY
DIRECT: (706) 243-5614
FAX: (706) 243-0417
EMAIL: jschley@pagescrantom.com

March 11, 2026

<u>**Via ECF**</u>
The Honorable Clay D. Land
U.S. District Judge, Georgia Middle District
P.O. Box 124
Columbus, Georgia 31902-0124

   *Re:*  <u>*Columbus v. Norfolk Southern Corp. et. al., No. 4:25-cv-312*</u>

Dear Judge Land:

  On behalf of Plaintiff Consolidated Government of Columbus, Georgia, I write to inform the Court of recent, new authority; to provide a brief response to a new argument raised at the hearing held on February 25, 2026; and, to respond to the supplemental authority provided by counsel for the Defendant Railroads by letter dated March 2, 2026 (ECF No. 40).

  *First*, in an opinion released after the close of briefing, *City of Lee's Summit v. Jackson County*, No. 4:25-cv-00317-RK, 2026 WL 382910 (W.D. Mo. Feb. 11, 2026), a district court ruled that a city's eminent domain claim was not completely preempted by the ICC Termination Act ("ICCTA") for purposes of removal jurisdiction. *Id.* at *5-8. In fact, the court found that the county's argument that eminent domain is a "'de facto abandonment'" claim over railroad property is a mere defense to the city's claim to be adjudicated in state court. *Id.* at *6-7.

  *Second,* the Railroads asserted for the first time at the hearing that a relevant federal remedy might lie not in the ICCTA itself, but in a takings claim against the Federal government under the Tucker Act. This argument fails because the doctrine of complete preemption establishes removal jurisdiction only where "the federal statute *at issue* provide[s] the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing the cause of action." *Schleider v. GVDB Ops., LLC*, 121 F.4th 149, 160 (11th Cir. 2024) (cleaned up) (emphasis added). The Tucker Act is a general statute that exists outside the ICCTA and does not provide any claim of any kind against the Railroads. As such, it does not support the assertion that *the ICCTA* provides a cause of action that completely preempts Columbus' property claims arising from voluntary agreements.

  Indeed, the Railroads' takings argument would produce absurd results Congress could not possibly have intended. Under their new theory, the Railroads could take any land they need without paying for it, and without due process, leaving the *Federal government* with the bill, and forcing landowners to pursue compensation against the Federal government. The ICCTA does not give Railroads any such right. The S.T.B. itself has acknowledged that it does not have authority to take land, resolve issues of title to land, or convey property rights; instead, the railroads "'must acquire property under state law—by purchase, lease, or to the extent permitted by

Judge Clay Land
March 11, 2026
Page 2

condemnation.'" *Great Walton Railroad Co.—Pet. for Decl. Order*, No. AB 1242. 2020 WL 3446633, at *7 (S.T.B. served June 23, 2020) (collecting cases) (citations omitted); *see also Thompson v. Tex. Mexican Ry. Co.*, 328 U.S. 134, 149 (1946) (when a rail operator was obligated to continue service after losing its right to use tracks, the remedy was to require the *railroad* to pay a reasonable rental, not to allow free use of the tracks followed by a takings action against the federal government).

*Finally*, the supplemental "authority" provided by the Railroads —*Great Walton Railroad Company, Petition for Declaratory Order*, an administrative decision from the S.T.B.—adds nothing to the discussion of complete preemption. *ECF No. 40*. Unlike "defensive" or "ordinary" preemption, "complete preemption" is a theory of federal removal jurisdiction completely foreign to the S.T.B., which is not an Article III court. To the extent the S.T.B. opinion says anything relevant to a complete preemption analysis, the opinion recognizes "it is 'well settled that interpretation of deeds and the determination of who owns good title to property are issues of state law' that are most appropriately decided by Courts" and, accordingly, "the Georgia Superior Court's determination that [plaintiffs] acquired title to land underlying the ... Track by deed is not preempted ...." *ECF No. 40* at 8-9, n. 8. This recognition undercuts the Railroads' assertion that title disputes are *completely* preempted by federal law.

With respect to defensive preemption, it should also be noted that *Great Walton* did not involve a voluntary agreement. The claim in that case was predicated on the railroad's alleged abandonment of a track triggering a loss of easement rights under state law—an issue at least arguably within the S.T.B.'s exclusive jurisdiction to determine when abandonment has occurred, and at least plausibly implicating state laws that could be construed as regulating the use and abandonment of rail property. *ECF No. 40, at* 8–9, n. 9. In contrast, Columbus does not seek a finding from state court that the Railroads lost rights to the property because they abandoned any tracks. Rather, Columbus' claims are based on the terms of a voluntary agreement between the city and the Railroads, not common law abandonment or the application of any state law that could be construed as a "regulation." As such, Columbus' claims survive even defensive preemption under the ICCTA, and *Great Walton* does not suggest otherwise. See *PCS Phosphate v. Norfolk Southern*, 559 F.3d 212, 221 (4th Cir. 2009).

But even if the S.T.B. disagreed, its decisions would not be entitled to any deference in this Court. The Supreme Court has recognized that administrative agencies like the S.T.B. "have no special authority to pronounce on pre-emption." *Wyeth v. Levine*, 555 U.S. 555, 577 (2009). Given that statutory interpretation is "exclusively a judicial function," *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 392 (2024), Columbus submits this Court should look to the Supreme Court and the Eleventh Circuit—not the S.T.B.—to determine if voluntary agreements fall within the preemptive scope of the ICCTA. The Supreme Court has pronounced categorically that "pre-emption doctrines apply only to state *regulation*" and not voluntary agreements, *Bldg. & Constr. Trades Council v. Associated Builders & Contractors*, 507 U.S. 218, 227 (1993) (emphasis in original); and the Eleventh Circuit has accordingly held that ICCTA preemption is "narrowly tailored ... to

Judge Clay Land
March 11, 2026
Page 3

displace only 'regulation[.]'" *Fla. E. Coast Ry. v. City of W. Palm Beach*, 266 F.3d 1324, 1331 (11th Cir. 2001).

For now, however, the question is not whether the ICCTA provides the Railroads with a substantive defense to Columbus' state law claims. It is who should decide that question. Due to the jurisdictional doctrine of complete preemption having no application in this case—because the ICCTA does not provide a viable federal cause of action, let alone one Congress intended to be exclusive—the proper course is to remand Columbus' state law action to the Superior Court of Muscogee County, where it was originally filed, for lack of federal removal jurisdiction.

Sincerely,

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By:

Jack P. Schley

JPS/ljw
cc: Counsel of record (*via ECF*)