

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA • ASIA PACIFIC • EUROPE

TLOSSEATON@SIDLEY.COM
+1 202 736 8427

March 12, 2026

**By ECF**

The Honorable Clay D. Land
United States District Judge
Post Office Box 2017
Columbus, Georgia 31902

    Re:    *Consol. Gov't of Columbus v. Norfolk S. Corp.*, No. 4:25-cv-312

Dear Judge Land:

    Recognizing that the parties have buried the Court in paper already, I am compelled to respond, briefly, to Columbus's latest filing, which serves as a wide-ranging sur-sur-reply.

    1. *Lee's Summit v. Jackson County* is not on point. That case involved an eminent-domain claim against a right-of-way being used by a non-railroad owner as a recreational trail. No. 4:25-cv-317, 2026 WL 382910, at *1, *3–4 (W.D. Mo. Feb. 11, 2026). What's more, the party asserting preemption made "nothing more than an ordinary-preemption argument." *Id.* It made no effort to show that ICCTA supplied an exclusive cause of action and cited almost none of the authority Norfolk Southern relies on here. *See* Reply in Supp. of Mot. to Dismiss 5–7, No. 4:25-cv-317 (W.D. Mo.) (Dkt. 24). Finally, the court there relied on *IDOT*, which contains basic errors, as Norfolk Southern has explained. Dkt. 21 at 8.

    2. Columbus says a takings claim against the government cannot support complete preemption because such a claim does not arise under ICCTA. Dkt. 43 at 1. That confuses the issues. The exclusive cause of action supporting complete preemption is adverse abandonment under ICCTA. Dkt. 9-1 at 12–13; Dkt. 21 at 8–10. If adverse abandonment failed, Columbus might have a takings claim, but that is irrelevant to complete preemption.

    Columbus also says recognizing preemption would be "absurd" because "the Railroads could take any land they need without paying for it." Dkt. 43 at 1. Experience belies this doomsaying. The STB decided *Mark Lange* 18 years ago, and there has been no epidemic of railroad takings-by-trespass. Nor does this case involve such a surreptitious invasion; the Columbus yard has been an overt part of the rail network for almost two centuries.

    3. Columbus says the STB's *Great Walton* decision "did not involve a voluntary agreement." Dkt. 43 at 2. But the STB explained that preemption applies *even if* a railroad "operated the [track] by lease or some other contractual right, and … that right expired." 2026 WL 562267, at *6 n.10. Columbus does not address that explanation.

    Finally, Columbus says the Court should not "look to" the STB because its rulings warrant no "deference." Dkt. 43 at 2. The Eleventh Circuit, however, treats the STB's preemption decisions as "persuasive authority." *Pace v. CSX Transp.*, 613 F.3d 1066, 1069 (11th Cir. 2010); *see also CSX Transp. v. Ga. Pub. Serv. Comm'n*, 944 F. Supp. 1573, 1584 (N.D. Ga. 1996) (STB is "uniquely qualified" to assess preemption); *Skidmore v. Norfolk S. Ry.*, 1 F.4th 206, 213 (4th Cir. 2021) (applying the STB's preemption analysis to analyze complete preemption); *New Orleans & Gulf Coast Ry. v. Barrois*, 533 F.3d 321, 331 (5th Cir. 2008) (same). For that matter, Columbus has cited STB authority too. *E.g.*, Dkt. 32 at 7.

Sidley Austin (DC) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**

Respectfully submitted,

Tobias S. Loss-Eaton

cc: Counsel of record via ECF